OPINION
Defendant Cecil Thomas appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which convicted and sentenced him of one count of aggravated assault in violation of R.C.2903.12
(A)(2), after a jury found him guilty. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN PROHIBITING THE TESTIMONY OF DAVID STANSBURY.
SECOND ASSIGNMENT OF ERROR
 THE RULING OF THE TRIAL COURT PROHIBITING THE INTRODUCTION OF DAVID STANSBURY'S TESTIMONY DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHTS TO PRESENT A DEFENSE.
At trial, the State presented evidence appellant and his brother and co-defendant Willie R. Thomas were involved in a fight with several other persons at the Elbow Lounge in Licking County, Ohio. Two persons, Angelo Spivey and Cornelius Scott, were stabbed. Various witnesses testified about the fight. Police recovered a knife from Willie Thomas' vehicle. This knife proved to have only Willie Thomas' blood on it. Police also recovered a second knife from inside the Elbow Lounge but no blood evidence was found on that knife. Appellant admitted the knife found in the bar belonged to him, and appellant was carrying the sheath which fit this knife.
 I
Appellant subpoenaed Chastity Duncan to testify on his behalf. Duncan attended the first day of trial, and discussed her subpoena on the record with the trial court in the absence of the jury. Duncan informed the court she did not intend to testify, and she did not appear on the second day of trial. Appellant attempted to introduce Duncan's affidavit as an exhibit supported by the testimony of defense counsel's associate who had interviewed Duncan. The court ruled the affidavit was inadmissible pursuant to Evid.R. 802, the hearsay rule. In State v. Gillam (1994), 70 Ohio St.3d 17, the Ohio Supreme Court reviewed the admission of a co-defendant's taped statement after the defendant became unavailable. In Gilliam, the court explained when an out of court statement does not violate the Confrontation Clause, or otherwise become inadmissible hearsay. The court found that pursuant to Evid.R. (B)(3), the court may admit a statement under an exception to the hearsay rule if the declarant is unavailable, and the statement is against the declarant's interest. The court explained the statement against interest tends to subject the declarant to criminal liability such that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true, Gilliam at 20, citations deleted. Finally, the court explained Evid.R. 804 requires corroborating circumstances to vouch for the trustworthiness of the statement before the statement becomes admissible. The trial court has broad discretion to determine whether there is sufficient corroborating circumstances, Gilliam at 20 citations deleted. Duncan was clearly unavailable to testify. Appellant argues her statement was a statement against her penal interest because it was a sworn and notarized statement, and if false, would subject her to criminal liability for perjury. Finally, appellant argues Duncan's affidavit was corroborated in certain respects by the testimony of the State's witnesses. The State responds the affidavit recites not just Duncan's own observations, but also the statements other persons made to her regarding the incident. None of the statements themselves tend to incriminate Duncan. A trial court has broad discretion to determine the admissibility of evidence, see State v. Landrum (1990), 53 Ohio St.3d 107. The Ohio Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is "unreasonable, arbitrary or unconscionable, see State v. Adams (1980), 62 Ohio St.2d 151 at 157, citations deleted. We find the trial court did not abuse its discretion in prohibiting the admission of the affidavit supported by the testimony of Attorney Stansbury. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the trial court's refusal to admit the proposed evidence violates his constitutional right to present a defense. In response, the State points out it conceded the victims were the aggressors in the confrontation. Although appellant called no witnesses in his defense, the record clearly shows counsel ably cross-examined the State's witnesses, and, on closing statement, emphasized the weaknesses of the State's case. We conclude appellant ably mounted a defense to the charges. The record does not support appellant's contention the court denied him the right to do so. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., and Milligan, J., concur Hoffman, J., concurs separately.